IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-12-108-F |
| ) | |
| JUSTIN TODD HAYNES, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Defendant, Justin Todd Haynes, has moved, pursuant to 18 U.S.C. § 3582(c), to modify his sentence, relying upon Rule 35 of the Federal Rules of Criminal Procedure. Doc. no. 55.[1] Upon review, the court finds that no response from the government is required. The court concludes that it lacks jurisdiction to modify defendant's sentence.

"Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed." United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013) (citing Dillon v. United States, 560 U.S. 817, 819 (2010)). "'[A] district court is authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so.'" United States v. Baker, 769 F.3d 1196, 1198 (10th Cir. 2014) (quoting United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006)).

---

[1] On October 2, 2012, the court sentenced defendant to 180 months' imprisonment for violation of 18 U.S.C. § 922(g)(1). Doc. no. 38. The sentence reflected an enhancement for being an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and United States Sentencing Guidelines § 4B1.4. Judgment was entered the next day, October 3, 2012. Doc. no. 39.

"Congress expressly granted district courts limited jurisdiction to modify sentences in 18 U.S.C. § 3582(c)." Baker, 769 F.3d at 1198. Section 3582(c)(1)(B) permits the district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Like § 3582(c), Rule 35's requirements are jurisdictional." Baker, 769 F.3d at 1198.

Rule 35(a) permits the court "within 14 days after sentencing" to correct a sentence "that resulted from arithmetical, technical, or other clear error." Rule 35(a), Fed. R. Crim. P. Defendant's sentence was imposed more than 14 days from the filing of his motion.

Rule 35(b)(1) permits the court to reduce a sentence "[u]pon the government's motion made within one year of sentencing." Rule 35(b)(1), Fed. R. Crim. P. Under limited circumstances, Rule 35(b)(2) extends authority to modify a sentence beyond the one-year time period. However, again, the court may reduce a sentence under Rule 35(b)(2) only "[u]pon the government's motion." Rule 35(b)(2), Fed. R. Crim. P. In this case, the government has not filed any motion on defendant's behalf.

Because defendant's motion does not fall within the jurisdiction that Rule 35 provides the court for reducing a sentence and does not fall within any of the other jurisdictional grants in section 3582(c) for modifying a sentence, the court concludes that it has no jurisdiction to modify defendant's sentence. Defendant's motion therefore must be dismissed for lack of jurisdiction.[2]

---

[2] The court notes that defendant previously filed a 28 U.S.C. § 2255 motion, arguing he was entitled to relief from his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). The motion was dismissed by the court as time-barred on October 23, 2017. Doc. nos. 48 and 49. In July of 2018, defendant filed a motion with the Tenth Circuit for authorization to file a second or successive § 2255 motion based upon the Supreme Court's decision in Sessions v. Dimaya, 138 S.Ct. 1204 (2018). The Tenth Circuit denied that motion

(cont'd. on next page)

2

Accordingly, the motion of defendant, Justin Todd Haynes, to modify his sentence, pursuant to 18 U.S.C. § 3582(c), based upon Rule 35 of the Federal Rules of Criminal Procedure, is **DISMISSED** for lack of jurisdiction.

DATED at Oklahoma City, Oklahoma, this 6th day of December, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0108p011.docx

---

because defendant had not shown that Dimaya was made retroactive to cases on collateral review by the Supreme Court. Doc. no. 51. Defendant recently filed another motion for authorization to file a second or successive § 2255 motion based upon the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019). That motion was denied by the Tenth Circuit because the decision did not announce a new rule of constitutional law with regard to the Armed Career Criminal Act. Doc. no. 53.